## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | Criminal Case No. **CF0447-23** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** (Defendant's Motion for Reconsideration) |
| **ALEJO C. SABLAN** *et al,* | |
| Defendants. | |

## INTRODUCTION

This matter is before the Honorable Alberto E. Tolentino ("Judge Tolentino") for the limited purpose of addressing Alejo C. Sablan's ("Defendant") Motion for Reconsideration. Defendant seeks to disqualify the Honorable Alberto C. Lamorena, III ("Presiding Judge Lamorena") from presiding over the underlying case. Attorney Joaquin C. Arriola, Jr. represents the Defendant. Pursuant to local rule CVR 7.1(e)(1), it has been decided that oral argument is unnecessary, and the Court hereby **DENIES** Defendant's Motion for Reconsideration.

## BACKGROUND

The factual background of this matter was previously set out by the Court its a Decision and Order issued on September 11, 2023. However, the facts necessary to dispose of the instant Motion for Reconsideration are as follows:

On July 3, 2023, the Grand Jury indicted Defendant on the following charges: (1) Theft By Complicity (As a Second Degree Felony); (2) Conspiracy For Misapplication Of Entrusted

Funds (As a Third Degree Felony); (3) Misapplication Of Entrusted Funds (As a Misdemeanor); and (4) Official Misconduct (As a Misdemeanor) Indictment, July 3, 2023. Each charge contained the special allegation of 'Crime Against the Community'. *Id.* The case was assigned to Presiding Judge Lamorena. Notice of Judge Ass., July 28, 2023. On Aug. 22, 2023 Defendant filed a Statement of Objection. On Aug. 25, 2023, Presiding Judge Lamorena filed an Answer to Statement of Objection. On Sept. 1, 2023, the People filed a Memorandum of Points and Authorities in Response to 'Statement of Objection 7 GCA § 6107'. On Sept. 8, 2023, Judge Tolentino filed a Decision and Order Denying Defendant's Statement of Objection seeking Disqualification of Presiding Judge Lamorena. Decision and Order, Sept. 8, 2023. On September 18, 2023, Defendant filed a Motion to Reconsider the Decision and Order Denying Disqualification of Presiding Judge Lamorena. Motion for Reconsideration, September 18, 2023.

## DISCUSSION

In the Motion for Reconsideration, the Defendant argues: 1) Judge Tolentino previously recused himself in this case and the grounds for recusal have not changed; 2) the Government filed an opposition which is not allowed by Guam Law and to which director San Augustin was not afforded the opportunity to reply; 3) there were new material facts disclosed in Judge Lamorena's answer which Director San Agustin did not know before seeing the Answer and did not have the opportunity to address; and 4) Judge Tolentino failed to consider material facts and to apply the appropriate legal standard, which Defendant believes if cured would have caused the Court to reach a different conclusion.

**I.    Judge Tolentino had previously recused himself and the grounds for recusal have not changed.**

Defendant alleges that the undersigned had disqualified himself from the matter on July 31, 2023; and that he erred by entering a Decision and Order on the question of Presiding Judge Lamorena's disqualification. Motion for Reconsideration, September 18, 2023

However, Judge Tolentino did not recuse himself in this case. Therefore, the argument Defendant alleges does not apply and the Court expressly ignores this contention.

**II.     Did the Government file an opposition which was not allowed by Guam Law and to which Defendant was not afforded the opportunity to reply?**

Defendant argues that Opposition statements are not authorized as a Statement of Objection is a statutory procedure. 7 G.C.A § 6107 (2023). As such, the People's Memorandum of Points and Authorities in Response to Statement of Objection is not allowed by Guam Law, and the People should be admonished not to file papers not authorized by statutory procedure. Motion for Reconsideration, September 18, 2023. However, the Court finds no prohibition in the statute against an opposing party filing a response to a Statement of Objection, nor has Defendant offered any other authority to support his contention that the adverse party is forbidden to advocate its position on the issue.

Therefore, the Court rejects this argument.

**III.     Were there new material facts disclosed in Judge Lamorena's answer which Defendant did not know before seeing the Answer and did not have the opportunity to address?**

Under the Criminal Procedure Rules of the Local Rules of the Superior Court of Guam, a party in a criminal matter may seek reconsideration of a previously determined issue only based on:

> (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such a decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of failure to consider material facts presented to the Court before such decision."

CR 1.1(d) (2007)

Thus, the Court is confronted with the preliminary issue of whether Defendant has demonstrated one or more grounds for reconsideration.

**A. Was there a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such a decision?**

Defendant argues that they were not aware of Presiding Judge Lamorena's Answer prior to the Court filing the Decision and Order. Motion for Reconsideration, September 18, 2023. Defendant argues that new material facts emerged based on the Answer, including 1) Presiding Judge Lamorena was unaware that then-candidate Attorney General Douglas Moylan was promoting their relationship on Facebook, and that 2) Presiding Judge Lamorena's official title was used on the Facebook page, a page that Defendant argues was utilized as campaign literature and remains so to this day. *Id.* at 7. Defendant argues that such new material facts are relevant because Defendant's Statement of Objection would have focused on the appearance of impartiality, particularly when a judge should be disqualified despite not being the one actually engaging in conduct creating the appearance of impropriety. *Id.*

The facts presented by Defendant in the Motion for Reconsideration are not new, as Defendant was aware of Presiding Judge Lamorena's Answer, having been filed on August 25,

2023, and could have provided a response at any time prior to the Court's filing of the Decision and Order. Nor is Presiding Judge Lamorena's lack of awareness a relevant material fact; rather, such lack of awareness and participation in the alleged conduct would make a reasonable person *less* likely to see the conduct as having the appearance of impropriety. Therefore, to the extent that Presiding Judge Lamorena's Answer is framed as an argument of new, material facts unknown to the party moving for disqualification, the Court expressly rejects this argument.

**B. Was there the emergence of new material facts or a change of law occurring after the time of such decision?**

Defendant has also failed to show any new or changed mandatory or persuasive authority that was not considered by the Court. The authorities cited in the Motion for Reconsideration include the same authorities cited in the Decision and Order. Therefore, to the extent Defendant's argument is framed as an argument of new or changed law, the Court expressly rejects this argument.

**C. Was there a manifest showing of failure to consider material facts presented to the Court before such decision?**

Citing *Dizon* in the Motion for Reconsideration, Defendant argues that the Decision and Order focuses on actual bias and not the appearance of partiality related to the facts presented. Motion for Reconsideration, Sept. 18, 2023. Defendant does concede that the Court referenced the appearance of impartiality standard articulated in *Dizon*, but argues that the Court improperly focused on actual bias from Presiding Judge Lamorena to AG Moylan. *Id.* at 10. This is not so, as the Court's analysis of the facts was based on the appearance of impropriety using the standard set down in *Van Dox*:

> The appearance of bias is judged from the standard of 1) a reasonable person who 2) knows all the facts, and 3) understands the context of the jurisdictions, parties, and controversies involved, including 4) such 'realities of the Guam judicial system" as the relatively small number of lawyers in the Guam bar and "the nature of Guam families"

*Van Dox v. Superior Court of Guam*, 2008 Guam 7 ¶ 32.

The Court applied the appropriate standard based on consideration of the same material facts that were presented in the Decision and Order, and are once again being presented in the Motion for Reconsideration, including 1) the professional reference showing Presiding Judge Lamorena's name and current title; 2) the posting of the reference on AG Moylan's Facebook page during the 2022 campaign for Attorney General; 3) the continued usage of the professional reference after the end of the campaign; and 4) Presiding Judge Lamorena's ignorance regarding AG Moylan's actions. The analysis shows that a reasonable person would, after looking at the facts and understanding both the circumstances involved as well as the unique realities of the Guam judicial system, as little more than an indication that Presiding Judge Lamorena, having 1) supervised AG Moylan as a law clerk thirty years prior and 2) having practiced in the same legal community for several decades, can ultimately speak to AG Moylan's abilities as a legal practitioner. A reasonable person would not find the inclusion of a professional reference under such circumstance as giving the appearance of Presiding Judge Lamorena endorsing AG Moylan's political platform. Therefore, the Court finds there were no material facts alleged that the Court failed to consider.

The Court finds that Defendant has not demonstrated any of the three grounds for reconsideration. Defendant seeks an oral hearing to develop the record, but does not offer any specific new or previously unknown material fact which contradicts the findings in the Court's earlier Decision and Order. Defendant had the opportunity to form a response to Presiding Judge Lamorena's Answer prior to the Court submitting a Decision and Order; however, Defendant did not do so. Every new fact Defendant argued might exist would have existed at the time Presiding Judge Lamorena's Answer was filed on August 25, 2023. Thus, the Court finds that Defendant's Motion for Reconsideration must fail and the Motion is **DENIED**.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court hereby **DENIES** the Defendant's Motion for Reconsideration.

SO ORDERED, this _____ day of _____ SEP 2 7 2023 _____ 2023.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam